Gordon M. Lipetz, J.
This action is brought to recover moneys claimed to be due plaintiffs as the .result of an improper apportionment of taxes on a sale of real property to the defendants. The answer admits the allegations of the complaint, excepting the conclusory allegation of defendants’ liability, which is denied. Plaintiffs move for summary judgment in their favor and defendants cross-move for summary judgment dismissing the complaint.
The facts are undisputed. On September 8, 1970 plaintiffs and defendants entered into a contract for the sale and purchase of real property situated at Rocky Point, in the Town of Brookhaven, Suffolk County. The contract was prepared by the sellers ’ attorney on a printed form known as Standard Form of New York Board of Title Underwriters, which is distributed to attorneys by the various title companies and widely used. No question was raised prior to its execution about the basis of tax apportionment, both parties being satisfied with the contract provision.
The relevant portion of the printed form provides as follows: “ The following are to be apportioned: * * * (4) Taxes and sewer rents, if any, on the basis of the fiscal year for which assessed.”
At the title closing on October 9,1970 the plaintiffs, as sellers, contended that the taxes for the year 1969-1970 amounting to $590.05 should be apportioned on the basis of the calendar year 1970, by reason of which a proportionate share of the taxes was due them for the period from October 9, 1970 to December 31, 1970. The defendants, as purchasers, insisted that the apportionment should be from October 9, 1970 to November 30, 1970, since the taxes for the following year would become a lien on December 1, 1970; in short, on the basis of the “lien year” instead of the calendar year. Because the amount in issue (one month’s taxes, or $49.17) was small, the sellers agreed to apportion on the basis insisted upon by the purchasers, ‘1 under protest and with recourse ”, and title was closed accordingly. This action was then brought to recover the said sum of $49.17.
Diligent search has failed to disclose any judicial determination regarding the proper date of apportionment of taxes. It appears to be a matter of first impression. The absence of judicial authority is not surprising. Practical considerations invaribly cause like controversies to be resolved without resort to litigation since the amount involved is relatively small in relation to the purchase price. Nevertheless, I am well aware after 35 years of practice, representing sellers at times and purchasers *213 at others, that most attorneys have found the question to be a vexatious issue which has sometimes caused acrimony and bitterness at otherwise harmonious and professionally directed title closings. It should be finally resolved.
Plaintiffs base their contention on the express provision contained in the contract — “ on the basis of the fiscal year for which assessed They urge that the term “ fiscal year ” has been clearly defined by statute and that there is no ambiguity in the statutory language.
Section 101 of the Town Law provides as follows: ‘ ‘ The fiscal year of all towns shall begin on the first day of January and end on the thirty-first day of December in each year. ’ ’
Section 352 of the County Law also provides: ‘ ‘ The fiscal year of a county shall begin with the first day of January and end with the thirty-first day of December in each year.”
Defendants contend that the statutory definition of ‘1 fiscal year ” does not govern because the total tax of $590.05 includes town tax $97.07, county tax $161.28, school tax $314.69 and special district tax $17.01. They claim that the school district’s fiscal year is July 1 to June 30, citing section 2515 of the Education Law and therefore the fiscal year of the town and county does not control the school tax nor the various special district taxes, which cover varying fiscal years. Section 2515 of the Education Law specifies the fiscal year of school districts in named cities, some of which are July 1 to June 30, some are the calendar year, others have different dates, and still others were authorized to be adopted by resolution prior to January 1, 1956. There is no uniformity. Furthermore, I find no statutory definition of the term “fiscal year” for school districts outside of the named cities. The fiscal year of special districts is also nonuniform. For fire districts, it is the calendar year (Town Law, § 181). For other types of special districts it varies from town to town and from district to district.
The difficulty with defendants’ position is that school taxes and special district taxes are not separately “ assessed ” by the school districts or the special districts. School district and special district taxes are assessed by the town assessors, and they do so for the fiscal (calendar) year, as provided in the Town Law. The “ fiscal year for which assessed ” is what we are here concerned with.
Defendants further urge that taxes in Brookhaven are ‘ ‘ traditionally ” apportioned as of the date they become a lien, namely December 1st. My experience has been to the contrary. But even though many attorneys in Brookhaven Town have in recent *214 years been making the apportionment as of that date, their practice is by no means uniform throughout Suffolk County or in other counties. I know of many attorneys who have insisted upon apportionment on the basis of the calendar year. Some, depending on whether they represent the seller or the buyer, opt for the calendar year or the “ lien year ” as best serves their clients’ interests. This frequently results in controversy and hard bargaining, which is sometimes resolved by the opposing sides compromising on December 15 as an unhappy solution. Whether the determination is made at the time the contract is executed or at the closing, the controversy remains the same — unless, of course, both attorneys are in accord as to the apportionment date, whatever it may be.
Harvey, Real Estate Law and Title Closing [3d ed.], says, at page 189:
“ Taxes are apportioned on the so-called ‘ fiscal year ’. This differs in many sections of the State, and elsewhere, and most of the smaller municipalities have more than one class of taxes, such as State, County, Town and/or Village. * * *
“When property is sold during the fiscal year the seller is allowed the proportionate amount of the charge from the date of the closing to the end of the fiscal year, provided he has paid it.” (Emphasis in original.)
No mention is made of a “lien year ” or of apportionment as of the date taxes become a lien.
Title companies as well as attorneys have long been annoyed by the uncertainty which has existed and by the resulting waste of time at title closings. At least one prominent title company appends the following instruction regarding tax apportionments to its certificate of title delivered to the purchaser’s attorney: ‘ ‘ Apportionments can be a problem in Suffolk County. Although Section 101 Town Law and Section 352 County- Law fix the fiscal year as commencing on January 1st, many local lawyers follow an old custom of apportioning taxes as if the fiscal year began on December 1st. It is suggested that this problem be resolved prior to closing.”
If sellers and buyers, and their respective attorneys, do not wish to apportion on the basis of the calendar year they can always agree upon and have the contract provide some other basis, whether it be as of November 30 or December 15, or separately as to school taxes. However, if they enter into a contract which provides for apportionment “ on the basis of the fiscal year for which assessed ”, as printed in the Standard Form of *215 New York Board of Title Underwriters, apportionment should be made on the basis of the calendar year.
Plaintiffs are, therefore, entitled to summary judgment in the sum of $49.17, with interest thereon from October 9, 1970. No costs will be allowed to either of the parties.